MAIER CONSTRUCTION, INC., Respondent, v. RYAN, Appellant.

*No. 75–761. Submitted on briefs November 30, 1977.—Decided January 3, 1978.*
(Also reported in 260 N.W.2d 700.)

For the appellant the cause was submitted on the brief of *Eugene A. Kershek* of Milwaukee.

For the respondent the cause was submitted on the brief of *Richard D. Finley* of Milwaukee.

HEFFERNAN, J. On November 10, 1975, Richard L. Ryan was served with a summons and complaint by Maier Construction, Inc. The complaint demanded judgment on two causes of action. The first cause of action asked for $1,032.56 for labor and materials used in repairing Ryan's house. The second cause of action demanded that $1,200 be paid for an estimate which Maier made for repairs allegedly necessary to permanently restore Ryan's property, which had been damaged by fire. The next day, Ryan, who was not a lawyer, mailed a personal letter to the attorney for Maier Construction, Inc. The letter began as follows:

"As I interpret subject Summons, the only requirement of same is to prepare an answer to you. Consider this correspondence my official reply."

The letter went on to state Ryan's position in regard to the merits of the plaintiff's complaint. He claimed that he had not agreed to pay any sum for an estimate

in respect to any further repairs. He stated, however, that he had no disagreement with the plaintiff's claim for $1,032.56 for the temporary repairs. He also stated in that letter that he had not retained an attorney to represent him in the lawsuit.

Subsequently, the attorney for Maier Construction applied for a default judgment, and on January 19, 1976, filed an affidavit stating that no answer had been filed by Ryan or his attorney and that the time for answering had expired. Maier's attorney did not refer to the letter he had received from Ryan, and no notice of the application for judgment was served on Ryan. A default judgment was entered on January 19, 1976, and a notice of entry of the judgment dated January 20, 1976, was served on Ryan.

By motion dated February 10, 1976, Ryan, appearing by counsel, petitioned the court to vacate the judgment pursuant to sec. 806.07, Stats., on the grounds of excusable neglect, mistake, inadvertence, and surprise. A proposed answer was attached to Ryan's motion papers.

On March 1, 1976, the motion to vacate the judgment was denied. An appeal from the order denying the motion to vacate has been taken to this court.

The general question presented on this appeal is whether a lay person's letter to a plaintiff's attorney, which letter on its face recites that it is an answer to a summons and complaint, addresses itself to the merits of the complaint, and explains why the defendant concludes that he is not liable, should be treated as a general appearance, which requires the plaintiff to give notice of a motion for a default judgment. In addition, we are presented with the question of whether, under the circumstances, the failure to file a formal verified answer constitutes an excusable neglect or mistake which should entitle the defendant, once the judgment is entered, to have that judgment vacated.

Two statutes are of importance under the facts.
Sec. 806.02(1), Stats. (1975), provides that:

"806.02 Default judgment. (1) A default judgment may be rendered . . . if no issue of law or fact has been joined and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment."

Sec. 806.07, Stats. (1975), provides:

"806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
"(a) Mistake, inadvertence, surprise, or excusable neglect;
" . . . .
"(h) Any other reasons justifying relief from the operation of the judgment.
"(2) The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made . . . ."

■

Although this action was commenced prior to the effective date of the Code of Civil Procedure presently in effect, the present code is applicable under the provisions of sec. 801.01(3) (b), Stats., because the action was pending on January 1, 1976, the effective date of the revised Code of Civil Procedure.

Pursuant to sec. 806.02(1), Stats., quoted above, Ryan's attorney, at the hearing on the motion to vacate the judgment, contended that his client had made an appearance by virtue of the letter and was entitled to receive notice of the plaintiff's application for a default judgment. We agree with that contention, because, at the very least, defendant's letter to the plaintiff's attorney constituted an appearance.

In *Hansher v. Kaishian,* 79 Wis.2d 374, n. 7, 255 N.W. 2d 564 (1977), this court discussed circumstances under which an appearance could be made by a defendant who sent a letter to plaintiff's attorney, when the letter made it clear that the defendant intended to contest the allegations of the complaint. For reasons peculiar to the facts, in *Hansher* we concluded that no appearance was made as the result of the defendant's letter; but the discussion in *Hansher* made it clear that, on the basis of prior Wisconsin cases, a letter expressly referring to the summons and showing that a defendant considered himself actively participating in the case constituted an appearance entitling that defendant to a notice of application for default.

Under a similar federal provision (Fed. R. Civ. P. 55 (b) (2) ), it was held that notice must be given to one who has appeared in an action, even though that appearance was not made by the filing of a formal pleading. Once a party has indicated that he has a clear purpose to defend himself, he is entitled to notice of a motion for default judgment. *United States v. One 1966 Chevrolet Pickup Truck,* 56 F.R.D. 459 (E.D. Tex. 1972).

Also, in *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689 (D.C. Cir. 1970), it was held, under the federal rule, that a defendant had "appeared" in the action and was entitled to notice of application for default judgment when the attorneys for the parties had engaged in telephone and letter exchanges and neither was in doubt that the suit would be contested if a settlement could not be reached.

In the instant case, the defendant Ryan stated that his letter was in answer to the summons. He made specific reference to it and indicated that he considered himself an active participant in the case. Under the

language of *Hansher* and under the rationale of the federal cases, we conclude that Ryan's letter to counsel for Maier constituted an appearance which entitled him to notice of the application for default judgment.

The failure to give notice to one who has appeared in an action does not go to the jurisdiction of a court which purports to enter a default judgment, and a judgment entered without notice is not *ipso facto* void. *Federal Land Bank of St. Paul v. Olson*, 239 Wis. 448, 1 N.W.2d 752 (1942). However, as *Hansher* indicated, the failure to give notice can serve as the basis for vacating the judgment on a motion subsequently brought.

It should also be pointed out that the giving of notice to one who has appeared, even though he be in technical default, would serve the purpose of bringing to the court forthwith any defenses which a defendant might have that would enable him then to file a formal pleading and to forestall and obviate the necessity of subsequent motions to vacate the judgment.

Had a proper notice been given to Ryan at the time of the application for the default judgment, the problem of whether to vacate the judgment at a subsequent time probably could have been avoided.

While we conclude that a notice of application for the default judgment should have been served upon Ryan, the judgment is not void for that reason. While the document mailed to the attorney for Maier Construction, Inc., was denominated as an answer, it clearly was not one in the technical sense envisaged by the pleading statutes. Ryan was mistaken in his belief that an answer in letter form constituted a proper responsive pleading. He neglected to serve and file a verified answer, which the statutes called for.

Under sec. 806.07, Stats., the question addressed to the court on the motion to vacate the judgment was whether that mistake and that neglect were excusable. For a defendant to be entitled to relief, he must not only demonstrate that the judgment against him was obtained as the result of excusable mistake, inadvertence, surprise, or neglect, but also that he has a meritorious defense to the action. *Hansher, supra,* at 389.

In the instant case, at the time when the defendant moved to vacate the judgment, he appeared with an attorney and appended to his motion papers was a proposed answer, which concededly poses at least an arguably meritorious defense. Accordingly, Ryan has made a sufficient showing in that respect. He also moved promptly in seeking a vacation of the judgment; and, as we said in *Hansher, supra,* at 392, the prompt action of a defendant in seeking the vacation of a default judgment is a factor to be considered.

Basically, however, the vacation of a default judgment is addressed to the sound discretion of the trial court, and this court will not set aside a trial court's determination unless there is a clear abuse of discretion. In the exercise of that discretion, we have said in *Dugenske v. Dugenske,* 80 Wis.2d 64, 68, 257 N.W.2d 865 (1977), that three factors should be borne in mind by the trial judge: (1) that the statute relating to the vacation of default judgments is remedial in nature and, therefore, it should be liberally construed; (2) that the general policy of the law favors giving litigants their day in court with an opportunity to try the issues; and (3) that default judgments are regarded with disfavor in the eyes of the law.

A review of the transcript of the hearing on the motion to vacate the judgment against Ryan shows no evidence that the trial judge properly exercised his discretion. There were no inquiries from the bench and no recitations in the subsequent order that showed any consideration of the pertinent facts as the basis for the court's decision.

We have said that a decision which requires the exercise of discretion and which on its face demonstrates no consideration of any of the factors on which the decision should be properly based constitutes an abuse of discretion as a matter of law. *McCleary v. State*, 49 Wis.2d 263, 278, 182 N.W.2d 512 (1971). We are obliged, however, to uphold a discretionary decision of a trial court if, from the record, we can conclude *ab initio* that there are facts of record which would support the trial judge's decision had discretion been exercised on the basis of those facts. *Klimas v. State*, 75 Wis.2d 244, 247, 249 N.W.2d 285 (1977); *Hyslop v. Maxwell*, 65 Wis.2d 658, 664, 223 N.W.2d 516 (1974).

In the instant case we find facts that indicate to us that the trial judge's decision was insupportable and which, contrary to his conclusion, required that the default judgment be vacated.

The question is whether Ryan's failure and neglect to file a proper answer was excusable. We have said that excusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances. *Dugenske, supra,* at 68. The facts show that Ryan was not a lawyer. The summons in the usual form required that there be "an answer to the complaint . . . within 20 days."

The defendant Ryan, on the day following the receipt of the summons, did what he, as a layman, thought was required. He wrote a letter which, he said, was his answer. There is nothing to show that Ryan had any previous acquaintance with legal procedures, and in that respect the instant facts differ from those discussed in *Hansher*, in which the court placed some reliance on the fact that the defendant there had previously been involved in litigation and from which he knew that a personal letter did not qualify as a responsive pleading.

We cannot conclude that Ryan's letter technically qualified as an answer; and in his original belief that he had sent an answer to Maier's attorney, he was mistaken. But we also conclude that, under the circumstances, where he had no knowledge of the law and where he responded as a reasonably prudent layman might to the summons and complaint, that mistake was excusable. The failure of the trial court to consider the actual facts which would tend to make Ryan's conduct excusable constituted a clear abuse of discretion.

A United States district court case, which has been given widespread precedential effect, considered very similar facts. In *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491 (S.D. Tex. 1961), the district court vacated a judgment where the conduct of the defendant was apparently identical to that of Ryan in the instant case. In *Dalminter*, as here, the summons served on the defendant required the defendant to serve an answer on the plaintiff's attorney within twenty days. The layman defendant, acting without an attorney, and within the twenty-day period, sent a personal letter to the plaintiff's attorney denying liability and setting forth an arguably meritorious defense. After the expiration of the time for formal answer, the plaintiff's attorney filed an affidavit of no answer and obtained a default judgment. On motion to have the judgment vacated, the district court held that the judgment should be set aside, reason-

ing that the defendant did exactly what a prudent person, uneducated in the law, would do. The court held that the default was the result of mistake and excusable neglect.

Federal rule 60(b), relied on in *Dalminter*, is referred to in the Judicial Council Committee's note to sec. 806.07, Stats., as being substantially equivalent to sec. 806.07; and, accordingly, we conclude that *Dalminter*, based on almost identical facts, constitutes persuasive authority for disposition of the present case. We therefore reverse the order which denied the motion to vacate the judgment.

■

Although we find that Ryan's mistake in responding by a personal letter, rather than answering in the manner contemplated by the pleading statutes, was an excusable mistake, nevertheless his letter was not an answer. A proposed answer was appended to his motion papers asking for the vacation of the judgment. We conclude, upon the vacation of the judgment, that Ryan should be given the opportunity to file the proposed answer in response to the summons and complaint.

While we have predicated our decision in the instant case upon the trial judge's abuse of discretion, it is nevertheless apparent that the primary responsibility for the entry of the default judgment must be attributed to plaintiff's counsel. As we see the record, the trial judge was not informed by plaintiff's counsel that Ryan had attempted, as a layman, to respond to the summons and complaint. The record merely shows that Maier's attorney executed an affidavit reciting that the summons was served, that the time for answering had expired, and that no answer or demurrer was served by the defendant or his attorney. He further alleged that the defendant was in default.

On this bare-bones record, it is understandable why the default judgment was entered. Had a full statement

of the facts been presented to the trial judge on the motion for default, it is highly unlikely that the trial judge would have entered this judgment without insisting, at the minimum, that the defendant be given notice of the application for the default judgment. Moreover, had the contents of Ryan's letter been revealed to the trial judge, in the exercise of appropriate discretion he undoubtedly would have denied the motion for default and permitted a formal answer to be filed.

In *Lyons v. Paul*, 321 S.W.2d 944 (Tex. Civ. App. 1958), a somewhat similar situation was presented to the court. The Texas court, in reviewing the matter, stated:

"Under the foregoing conditions, appellees' attorney moved for default judgment while in possession of a written instrument, with enclosures attached, that he should have known that appellant considered as her answer and her defense to the cause of action. In so doing he at least impliedly represented to the court that appellant did not intend to defend the suit and that she had not answered and to this extent misled the court." (at 949-50)

This case was referred to in *Hansher, supra.* In *Hansher,* the attorney for the plaintiff, in asking for a default judgment, did bring to the attention of the court the defendant's letter. We said in *Hansher:*

"Where plaintiff's counsel informs the court—as counsel of course should do—that he has received a letter such as Kaishian's, the court should question counsel closely on the matter, with an eye to determining whether notice of entry of application for the default judgment should be given. The trial court has discretion to require such notice even though such notice may not be required by the statute." (at 388)

While, in a case of this kind, we are obliged to review the exercise of discretion by the trial judge, it must be borne in mind that, by and large, a judge must exercise his discretion on the basis of the facts put into the record

by counsel. While a more searching inquiry by the judge would have been appropriate in the instant case, no facts were revealed in respect to the original motion for default that would have alerted the trial judge to the defendant's attempted answer. In respect to the motion for the vacation of the judgment, where the trial judge was fully apprised of defendant's attempt to answer the summons and complaint, the failure to consider such facts and the failure to conclude on the basis of those facts that the defendant's mistake and neglect were excusable constituted a clear abuse of discretion. The order is reversed.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.