J.L. Phillips & Associates, Inc., Plaintiff-Respondent,

v.

E & H Plastic Corporation, Defendant-Appellant.

Supreme Court

*No. 96–3151. Oral argument February 19, 1998.—Decided April 24, 1998.*

(Also reported in 577 N.W.2d 13.)

For the defendant-appellant there were briefs (in the Court of Appeals) by *Jerome C. Johnson, Maria S. Lazar* and *Galanis, Pollack & Jacobs, S.C.,* Milwaukee and oral argument by *Maria S. Lazar.*

For the plaintiff-respondent there was a brief (in the Court of Appeals) by *Harry F. Worth, Jr.* and *Godfrey, Neshek, Worth, Leibsle & Conover, S.C.,* Elkhorn and oral argument by *Harry F. Worth, Jr.*

¶ 1. JON P. WILCOX, J. This case is before the court on certification from the court of appeals following an order of the Circuit Court for Walworth County, James L. Carlson, Judge, which denied the appellant E & H Plastic Corporation's (E & H) motion to vacate a default judgment. The circuit court entered the default judgment against E & H for failure to answer the respondent J.L. Phillips & Associates, Inc.'s (Phillips) complaint in a timely manner, and, despite a finding of excusable neglect, the circuit court denied the subsequent motion to vacate the judgment because the answer and accompanying documents did not show a valid defense by which E & H had a good chance of success on the merits. E & H appealed.

¶ 2. On certification, we consider whether a party moving to vacate a default judgment pursuant to Wis. Stat. § 806.07(1)(a) (1993–94)[1] must establish the

---

[1] All future statutory references are to the 1993–94 volume unless otherwise noted.

Wisconsin Stat. § 806.07 provides in part:

**806.07 Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal

existence of a "meritorious defense" in order to succeed on that motion. If so, we must determine what constitutes a "meritorious defense" and consider whether E & H filed an answer that established such a defense in this case. We hold that a party moving to vacate a default judgment pursuant to § 806.07(1)(a) must set forth a meritorious defense—that is, a defense good at law which requires no more and no less than that which is needed in a timely-filed answer to survive a motion for judgment on the pleadings. *See* Wis. Stat. § 802.06(3). Because E & H has satisfied that standard in this case, we reverse the order of the circuit court and remand the cause for further proceedings consistent with this opinion.

¶ 3. The relevant facts are not in dispute. In June 1996, Phillips filed and served a summons and complaint upon E & H alleging breach of contract. Shortly after being served, and for a period of approximately six weeks thereafter, counsel for the two parties and the parties themselves communicated verbally and in writing to discuss the merits of the lawsuit in an

representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

. . .

attempt to resolve the matter without further litigation.

¶ 4. On July 15, 1996, the last day of correspondence between the parties' attorneys, Phillips' counsel notified Illinois counsel for E & H that a default judgment would be sought within seven days. Nevertheless, additional correspondence on that day left E & H counsel with the impression that Phillips' counsel was making its final decision on how to resolve the matter and that Phillips would be communicating that decision within the next few days. Instead, counsel for E & H received Phillips' motion for default judgment and accompanying papers on July 29, 1996. On the same day that counsel for E & H received the motion, the circuit court executed the order for default judgment in the approximate amount of $75,000.

¶ 5. Utilizing local counsel, E & H brought a motion to vacate the default judgment on the basis of "mistake, inadvertence, surprise or excusable neglect." *See* Wis. Stat. § 806.07(1)(a). Specifically, E & H argued that its actions constituted excusable neglect since a reasonably prudent person under the circumstances would have concluded, as E & H did, that so long as the parties were seriously contemplating settlement, a delay in filing an answer was not unreasonable. To the same end, E & H asserted that the default judgment should be vacated due to its mistake in assuming that the time to file an answer had been stayed while the negotiations continued.

¶ 6. Accompanying the motion and brief in support of the motion to vacate, E & H filed supporting affidavits and a proposed answer to the complaint which denied the material allegations of Phillips' complaint and recited five affirmative defenses: (1) failure to mitigate; (2) improper party defendant; (3) mistake;

(4) estoppel; and (5) breach of contract by Phillips.[2] Recognizing that case law still required a meritorious defense in order to vacate a default judgment, E & H asserted that its proposed answer and affirmative defenses were sufficient to constitute a meritorious defense to the complaint.

¶ 7. Phillips responded by arguing that since there was no written confirmation that the parties agreed to extend the time period for filing an answer, and since E & H had notice that a motion for default judgment would be filed, E & H's conduct did not constitute excusable neglect. For many of the same reasons, Phillips asserted that E & H's mistake was not excusable under the circumstances. Finally, Phillips argued that E & H did not have a meritorious defense because the defense was substantively inadequate on its face.

¶ 8. On September 6, 1996, the circuit court held a hearing on the motion to vacate the default judgment. Despite a finding of "excusable neglect or some good faith," the circuit court denied the motion to vacate on grounds that E & H did not establish a meritorious defense. The circuit court reasoned that neither the answer nor the accompanying documents showed a "valid defense," since it was "encumbent [sic] upon [E & H] at this step to bring forth some type of a showing that at least shows. . .a good chance of success on the merits. . . ." Motion Hearing (Record on Appeal, 18:15).

¶ 9. E & H appealed, and the court of appeals certified the case to this court pursuant to Wis. Stat. § (Rule) 809.61 (1995–96). The only issues raised on appeal relate to the circuit court's conclusion regarding a meritorious defense. Whether the circuit court appro-

---

[2] The answer also asserted that the complaint had failed to state a claim upon which relief could be granted.

priately exercised its discretion in finding excusable neglect in this case is a matter that is not before us on review.

## I.

¶ 10. The first issue we must consider is whether a meritorious defense must be established in order to vacate a default judgment pursuant to Wis. Stat. § 806.07(1)(a). As a question of statutory interpretation, this issue is a question of law that we review de novo, without deference to the decision of the circuit court. *See Colby v. Columbia County*, 202 Wis. 2d 342, 349, 550 N.W.2d 124 (1996).

¶ 11. E & H advances several arguments to show that a party moving to vacate a default judgment need not establish a meritorious defense. First, E & H contends that once a finding of excusable neglect is made, the circuit court is required to vacate the default judgment. Although E & H acknowledges that the vacation of a default judgment is left to the discretion of the circuit court, *see, e.g., Charolais Breeding Ranches v. Wiegel*, 92 Wis. 2d 498, 510, 285 N.W.2d 720 (1979), E & H asserts that the only discretion enjoyed by the circuit court lies in the determination of whether any of the statutorily-based reasons for granting a motion to vacate are satisfied. *See* Wis. Stat. § 806.07(1)(a). Once a party's actions fall within one of these categories, the circuit court has no choice but to vacate the judgment.

¶ 12. Consistent with this argument is E & H's assertion that the "meritorious defense" prong is no longer a prerequisite to the vacation of a default judgment. To support its argument, E & H illustrates that Wis. Stat. § 806.07, unlike its predecessor Wis. Stat. § 269.46 (1973), makes no reference to a meritorious

defense requirement. According to E & H, case law which interprets § 806.07 as requiring the establishment of a meritorious defense has done so erroneously, without considering the consequential changes to the statute.

¶ 13. We conclude that a party moving to vacate a default judgment must, in addition to showing that it meets one of the criteria for relief from a default judgment, *see* Wis. Stat. § 806.07(1)(a), demonstrate that it has a meritorious defense to the complaint. This conclusion is amply supported by legislative history, and by case law which has previously interpreted the provisions of § 806.07.

¶ 14. Because Wis. Stat. § 806.07 makes no explicit reference to a meritorious defense requirement, we begin by looking outside the statute at legislative history to determine the intent of the legislature. *See Odd S.-G. v. Carolyn S.-G.*, 194 Wis. 2d 365, 371, 533 N.W.2d 794 (1995). Wisconsin Stat. 269.46 (1973), the predecessor to Wis. Stat. § 806.07, provided in pertinent part:

> **269.46 Relief from judgments, orders and stipulations; review of judgments and orders.**
> (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense.

. . .

Effective January 1, 1976, this court revised the Rules of Civil Procedure for the state of Wisconsin. *See Wisconsin Rules of Civil Procedure,* 67 Wis. 2d 585. The revisions changed § 269.46 to Wis. Stat. § 806.07, as it is reproduced above.

¶ 15. Although the revision clearly removed the previous reference to "a proposed verified answer disclosing a defense," it did not, as E & H contends, eliminate the prerequisite of a meritorious defense to the complaint. *See, e.g., Dugenske v. Dugenske,* 80 Wis. 2d 64, 67, 257 N.W.2d 865 (1977) (interpreting Wis. Stat. § 269.46 to require the showing of a meritorious defense). The Judicial Council Committee's Note (1974) that is attached to Wis. Stat. § 806.07 makes this clear. It indicates that "[t]his section is substantially equivalent to Federal Rule 60 (b) and replaces s. 269.46." 67 Wis. 2d at 726;[3] *see also* Wis. Stat. § 806.07 (1975).

¶ 16. It is a well-settled principle of Wisconsin law "that where a Wisconsin Rule of Civil Procedure is based on a Federal Rule of Civil Procedure, decisions of the federal courts, to the extent they show a pattern of construction, are considered persuasive authority." *Neylan v. Vorwald,* 124 Wis. 2d 85, 99–100, 368 N.W.2d 648 (1985) (citations omitted). In this instance, federal

---

[3] Federal Rule of Civil Procedure 60(b) provides in relevant part:

**(b Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .

courts have consistently construed Federal Rule 60(b) to require that a party seeking relief from a default judgment demonstrate that he or she has a meritorious defense to the action. *See, e.g., In re Busick*, 719 F.2d 922, 925 (7th Cir. 1983) ("Rule 60(b) has been judicially interpreted to require a showing that. . .a meritorious defense to the complaint exists."); *Olson v. Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) ("In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense.").

¶ 17. Since the change in the Wisconsin Rules of Civil Procedure, we have also construed Wis. Stat. § 806.07(1)(a) to require that a party seeking to vacate a default judgment demonstrate that he or she has a meritorious defense to the action. *See, e.g., Hollingsworth v. American Finance Corp.*, 86 Wis. 2d 172, 184–85, 271 N.W.2d 872 (1978); *Maier Construction, Inc. v. Ryan*, 81 Wis. 2d 463, 472, 260 N.W.2d 700 (1978). As counsel for E & H demonstrated at oral argument in this case, these decisions, though rendered after the changes to the Wisconsin Rules of Civil Procedure, affirmed that a meritorious defense must be shown for motions brought under § 806.07(1)(a) by relying upon cases which were controlled by the former statute, Wis. Stat. § 269.46.[4]

---

[4] We relied upon *Dugenske v. Dugenske*, 80 Wis. 2d 64, 257 N.W.2d 865 (1977), and *Hansher v. Kaishian*, 79 Wis. 2d 374, 255 N.W.2d 564 (1977), respectively. These cases were controlled not by Wis. Stat. § 806.07(1)(a), but by Wis. Stat. § 269.46 since the default judgments were entered prior to § 806.07's effective date of January 1, 1976. *See Dugenske*, 80 Wis. 2d at 66–67; *Hansher*, 79 Wis. 2d at 380.

¶ 18. We are not persuaded, however, that this fact should render our previous decisions any less meaningful or authoritative on this issue. Because Wis. Stat. § 806.07 is modeled after Federal Rule 60(b), and since federal jurisprudence has consistently interpreted Rule 60(b) to require the establishment of a meritorious defense, we are persuaded, and hereby clarify, that our prior decisions interpreted § 806.07(1)(a) correctly. Therefore, a party moving to vacate a default judgment pursuant to § 806.07(1)(a) must: (1) demonstrate that the judgment against him or her was obtained as a result of mistake, inadvertence, surprise or excusable neglect; and (2) demonstrate that he or she has a meritorious defense to the action.

## II.

¶ 19. We now proceed to the second issue presented in this case: what is a "meritorious defense?" In defining the appropriate legal standard to be satisfied in order to vacate a default judgment, we are presented with a question of law, which we review de novo, without deference to the determination of the circuit court. *See Kleinke v. Farmers Coop. Supply & Shipping*, 202 Wis. 2d 138, 142–43, 549 N.W.2d 714 (1996).

¶ 20. The requirement that a party moving to vacate a default judgment show a meritorious defense to the action has existed in Wisconsin since the early days of statehood. *See, e.g., Sayles v. Davis*, 22 Wis. 217, [*225], 222, [*230–31] (1867) (referring to R.S. ch. 125, § 38 (1858), the predecessor to Wis. Stat. § 806.07). Few of our cases citing this requirement, however, have expounded upon the standard to be met once a

party has shown mistake, inadvertence, surprise or, as in this case, excusable neglect. *See, e.g., Maier*, 81 Wis. 2d at 472 (proposed answer "concededly poses at least an arguably meritorious defense"). Today we are called upon to do so.

¶ 21. In defining this standard, we must attempt to strike the appropriate balance between the countervailing policy considerations that consistently pull at either end of the default judgment spectrum. On one hand, we must consider "a policy in favor of the finality of judgments, the probability that a policy which excused or tolerated a lawyer's neglect would foster delay in litigation and a further belief that the quality of legal representation is best maintained by refusing to overlook the effects of a lawyer's negligence." *Dugenske*, 80 Wis. 2d at 70.

¶ 22. On the other hand, we must also keep in mind traditional principles of equity and justice in order to fashion a standard that does not unduly restrict a litigant's opportunity to defend against an action when a reasonable "excuse" has already been offered for the default. This policy is best exemplified by the three considerations we have advised the circuit courts to be aware of in their deliberation over motions to vacate default judgments: "(1) that [Wis. Stat. § 806.07] is remedial in nature and. . .should be liberally construed; (2) that the general policy of the law favors giving litigants their day in court with an opportunity to try the issues; and (3) that default judgments are regarded with disfavor in the eyes of the law." *Maier*, 81 Wis. 2d at 472 (citing *Dugenske*, 80 Wis. 2d 64).

¶ 23. These considerations lead us to conclude that, contrary to the circuit court's conclusion in this case, "[i]n determining whether a defaulted defendant

has a meritorious defense '[l]ikelihood of success is not the measure.'. . .Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citations omitted).

■

¶ 24. A defense "good at law" is a defense that requires no more and no less than that which is needed in a timely-filed answer to survive a motion for judgment on the pleadings. *See* Wis. Stat. § 802.06(3). Such a defense must also satisfy the other various requirements for a valid pleading as set forth in Chapter 802 of the Wisconsin Statutes.

¶ 25. As cited above, one Wisconsin decision has purported to define a meritorious defense in relation to Wis. Stat. § 806.07(1)(a) since the adoption of the revised Rules of Civil Procedure in Wisconsin. *See Maier*, 81 Wis. 2d at 472. The *Maier* court stated:

> Under sec. 806.07, Stats., the question addressed to the court on the motion to vacate the judgment was whether that mistake and that neglect were excusable. For a defendant to be entitled to relief, he must not only demonstrate that the judgment against him was obtained as the result of excusable mistake, inadvertence, surprise, or neglect, but also that he has a meritorious defense to the action. *Hansher, supra,* at 389.
>
> In the instant case, at the time when the defendant moved to vacate the judgment, he appeared with an attorney and appended to his motion papers was a proposed answer, *which concededly poses at least an arguably meritorious defense.* Accordingly, [the defendant] has made a sufficient showing in that respect. . . .

*Id.* (emphasis added).

¶ 26. To the extent that the "definition" of a meritorious defense set forth in *Maier* is inconsistent with the standard we adopt today, that portion of the *Maier* decision is hereby overruled.

¶ 27. At oral argument in this case, counsel for Phillips asserted that a higher standard should be imposed upon defaulted defendants, since they were late to begin with in filing their answers. More specifically, Phillips argued that affidavits are needed to prove the facts supporting that defense, and to illustrate that there is a reliable opportunity to succeed with the defense. According to Phillips, counter-affidavits can also be considered if the original affidavits are insufficient.

¶ 28. We disagree and explicitly adopt the standard above in light of the overall purpose of Wis. Stat. § 806.07. As one commentator has noted:

> This section attempts to achieve a finer balance between the policy favoring the finality of judgments and the requirements of substantial justice than that represented by former section 269.46. . . .The former rule limited the number of circumstances under which a motion to vacate a judgment could be sought. The new rule considerably expands this list, while subsection (1)(h) gives the court wide discretion to entertain the motion for other justifiable reasons.

Patricia Graczyk, *The New Wisconsin Rules of Civil Procedure, Chapters 805–807*, 59 Marq. L. Rev. 671, 727 (1976). This "expanded" version of the default judgment rule leads us to the conclusion that the most formidable barriers to the vacation of a default judgment are those which are set forth in § 806.07 itself.

361

*See* Wis. Stat. §§ 806.07(1)(a)–(1)(h). Therefore, we conclude that the prerequisite of a meritorious defense for a motion to vacate brought pursuant to subsection (1)(a) should not place a greater burden upon the defaulted defendant than that already imposed by § 806.07.

¶ 29. In this case, for example, E & H convinced the circuit court that its conduct under the circumstances was "excusable neglect." This standard places a substantial obstacle in the path of parties seeking relief from a default judgment[5] and we do not deem it necessary or even equitable to require a party who has met its burden under that standard to establish a defense which is somehow more "complete" or thorough than a timely-filed answer would need to be. To do so

---

[5] "Excusable neglect is not synonymous with neglect, carelessness or inattentiveness. [Rather, it] 'is that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" *Giese v. Giese*, 43 Wis. 2d 456, 461, 168 N.W.2d 832 (1969) (citations omitted). Accordingly, courts have held that neglect due to the pressure of a lawyer's work, without more, is not "excusable" neglect. *See id.*; *Wagner v. Springaire Corp.*, 50 Wis. 2d 217, 218, 184 N.W.2d 88 (1971); *see also Hollingsworth v. American Finance Corp.*, 86 Wis. 2d 172, 185–86, 271 N.W.2d 872 (1978) (confusion as to which attorney had been retained to handle a matter and confusion in forwarding papers from one office to another due to reorganization of a business not excusable neglect); *Dugenske*, 80 Wis. 2d at 68–71 (lawyer's failure to answer complaint not "excusable neglect" where failure was result of lawyer's misplacement of client's files while relocating his law offices).

For a review of federal case law on the equivalent section of Federal Rule of Civil Procedure 60(b), consult 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2858 (2d ed. 1995).

would be to ignore the circuit court's initial finding of excusable neglect in this case.

¶ 30. Moreover, as counsel for Phillips conceded, Phillips' approach is more akin to a summary judgment analysis, in which the circuit court reviews papers and affidavits outside the pleadings that are submitted by the parties to determine whether a genuine issue of fact remains for trial. *See* Wis. Stat. § 802.08. In essence, a "trial by affidavit" would be required at the earliest stages of litigation. We decline to impose such a demanding standard on defaulted defendants whose neglect has already been adjudged to be excusable under the circumstances.[6]

■

¶ 31. In sum, we hold that a meritorious defense is a defense good at law that requires no more and no less than that which is needed to survive a motion for judgment on the pleadings. Although the facts of this case involve only a finding of "excusable neglect," this holding and definition of a meritorious defense also applies to the remaining "excuses" set forth in Wis. Stat. § 806.07(1)(a), including "mistake," "inadvertence," and "surprise." Our case law clearly illustrates

---

[6] We also note that the revised Wisconsin Rule of Civil Procedure, Wis. Stat. § 806.07, eliminated the requirement that answers be verified. *Cf.* Wis. Stat. § 269.46 (1973). Wisconsin Stat. § 802.05(1)(a) makes this clear: "[E]xcept when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." *See also* Charles D. Clausen & David P. Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803*, 59 Marq. L. Rev. 1, 48 (1976) ("This rule abolishes verification with but few exceptions. . . .In the majority of cases, the burden for the truthfulness of pleadings is on the attorney as an officer of the court. In effect, his signature becomes the verification.").

that a meritorious defense must be shown for all relief under this subsection. *See, e.g., Hollingsworth*, 86 Wis. 2d at 184–87. *See also* 3A Jay E. Grenig & Walter L. Harvey, *Wisconsin Practice: Civil Procedure* § 607.03 (2d ed. 1994). Moreover, we are convinced that the additional grounds for vacation of a default judgment set forth in subsection (1)(a) impose an equally substantial burden upon parties seeking to vacate a default judgment, such that the same standard for a meritorious defense should be employed. *See Hansher*, 79 Wis. 2d at 390–91 ("[W]hichever of the enumerated grounds are relied upon in a particular case, the primary question is whether the conduct of the moving party was excusable under the circumstances.").

## III.

¶ 32. Having defined a "meritorious defense," we now consider whether E & H's proposed answer and affirmative defenses have satisfied this standard in this case. As mentioned, the circuit court denied E & H's motion to vacate the default judgment, despite a finding of excusable neglect, based on the lack of a meritorious defense. "The application to vacate a judgment on the ground that it was obtained through mistake, inadvertence, surprise or excusable neglect is addressed to the discretion of the trial court, and the trial court's order will not be reversed except for abuse of discretion." *Howard v. Duersten*, 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977); *see also State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541–42, 363 N.W.2d 419 (1985).

¶ 33. However, "[t]his court will find an abuse of discretion if the record shows that the trial court failed to exercise its discretion, the facts fail to support the trial court's decision, or this court finds that the trial

court applied the wrong legal standard." *Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986). As we have shown, the circuit court applied an improper legal standard to this case by examining the likelihood that E & H's defense would succeed on its merits. Because the circuit court thereby erroneously exercised its discretion in denying E & H's motion to vacate the default judgment, we perform our own analysis, using the appropriate standard of law as set forth above, to determine whether E & H has a meritorious defense to this action. We conclude that it does.

¶ 34. "For well over 100 years, this court has consistently held that pleadings shall be liberally construed with a view to substantial justice between the parties." *Lewis v. Sullivan*, 188 Wis. 2d 157, 164, 524 N.W.2d 630 (1994). In this case, E & H filed a proposed answer which stated "in short and plain terms the defenses to each claim asserted" and which "admit[ted] or den[ied] the averments upon which the adverse party relies." Wis. Stat. § 802.02(2). The denials contained in the proposed answer "fairly meet the substance of the averments denied," *id.*, and E & H has set forth its affirmative defenses in compliance with § 802.02(3).[7]

■

¶ 35. In sum, we require no more of the proposed answer in this case than we would of an answer that was filed in a timely fashion, since the circuit court found E & H's neglect to be "excusable" within the

---

[7] Two affidavits were also filed in support of the motion to vacate the default judgment, but these affidavits relate only to the facts surrounding and leading up to E & H's failure to file a timely answer. That is, they do not support the substance of E & H's defense.

meaning of Wis. Stat. § 806.07(1)(a). Judgment on the pleadings would be improper in this case, since the answer now calls for an examination of "matters outside the pleadings," *see* Wis. Stat. § 802.06(3), in order to prove the material allegations of Phillips' complaint.

¶ 36. Because E & H's neglect was "excusable" under the circumstances, and because E & H has a meritorious defense to the action, the order of the circuit court is reversed and the cause is remanded.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.