COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP993**

Cir. Ct. No. 2023CV9373

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

CROSS LAW FIRM, S.C.,

PLAINTIFF-RESPONDENT,

V.

JEFFREY WILDE,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: GLENN H. YAMAHIRO, Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1      PER CURIAM.   Jeffrey Wilde, pro se, appeals from an order of the circuit court denying his motion to reopen a default judgment entered against him in the amount of $16,676.22.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2      On December 18, 2023, Cross Law Firm, S.C. filed a complaint against Wilde for unpaid legal fees in the amount of $16,676.22.  Wilde failed to appear or file an answer, and on February 5, 2024, the circuit court entered a default judgment against Wilde in the amount of $16,676.22, plus costs and attorney's fees.

¶3      On February 9, 2024, Wilde, proceeding pro se, filed a letter that the circuit court construed as an answer and motion to reopen the default judgment. Wilde explained that he hired Taviss Smith from Cross Law Firm to help Wilde restore his teaching license but Smith failed to do so.  Wilde indicated that he was illegally fired from several teaching jobs, that Smith breached his contract by not completing the task that Wilde asked him to do, that Wilde paid all amounts due, and he has been harassed.  Wilde additionally made several references in his letter to people having mental health issues and drinking problems, and he further accused several of the individuals involved with his case as being Aryans and holding other prejudicial beliefs about sexual orientation.

¶4      Following briefing and a hearing on the matter, the circuit court denied Wilde's motion.  The circuit court accepted, for its purposes, that Wilde had excusable neglect for failing to appear or answer the complaint but that Wilde had not shown any likelihood of success on the merits.  The circuit court stated:

> Frankly, the answer and the response of statements of fact is concerning.  It appears to be a product of paranoia.  I

2

> don't know if there are mental health issues here. There is repeated reference to Aryan supremacists, Jews, gay people, and a conspiracy against you here for which I see no basis in fact.

Thus, the circuit court denied Wilde's motion to reopen because it found no basis for a meritorious defense in Wilde's filings. Wilde now appeals.

## DISCUSSION

¶5 On appeal, Wilde makes several claims similar in kind to those claims raised before the circuit court, including but not limited to harassment and breach of contract. In response, Cross Law Firm argues that Wilde's brief, and the claims raised in it, are largely irrelevant because the matter at hand is one of whether the circuit court erred in denying Wilde's motion to reopen the default judgment for the simple issue of unpaid legal fees. We agree with Cross Law Firm, and therefore, we turn to whether Wilde has met the standard for reopening the default judgment entered against him.

¶6 "WISCONSIN STAT. § 806.07 [(2023-34)[1]] grants courts power to relieve parties from judgments, orders and stipulations. Paragraphs 806.07(1)(a)-(g) permit relief for specific circumstances, and paragraph 806.07(1)(h) is a 'catch-all' provision allowing relief from judgment for 'any other reasons justifying relief.'" *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶9, 282 Wis. 2d 46, 698 N.W.2d 610. More precisely, § 806.07 states that a circuit court may provide relief to a party from a judgment, order, or stipulation for:

> (a) Mistake, inadvertence, surprise, or excusable neglect;

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

(b) Newly-discovered evidence which entitles a party to a new trial under [Wis. Stat. §] 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

Sec. 806.07(1)(a)-(h).

¶7 We review a circuit court's decision to grant or deny relief from judgment under Wis. Stat. § 806.07(1) for an erroneous exercise of discretion. *Sukala*, 282 Wis. 2d 46, ¶8. "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898 (citation omitted).

¶8 At the hearing on Wilde's motion to reopen the default judgment, the circuit court began by citing the framework provided by Wis. Stat. § 806.07(1). The circuit court then turned specifically to § 806.07(1)(a), "accept[ed], for the purpose of this hearing, that [Wilde] had excusable neglect," and focused mainly on the issue of a meritorious defense. *See J.L. Phillips & Assocs., Inc. v. E&H Plastic Corp.*, 217 Wis. 2d 348, 358, 577 N.W.2d 13 (1998) (stating that a party seeking to vacate default judgment pursuant to § 806.07(1)(a) must show (1) the judgment was obtained as a result of mistake, inadvertence,

surprise, or excusable neglect and (2) there is a meritorious defense to the action). As to the issue of a meritorious defense, the circuit court found that Wilde failed to demonstrate a meritorious defense. The circuit court pointed out that Wilde focused on several irrelevant facts, including that Smith is no longer at Cross Law Firm, and the circuit court pointed to an overall overwhelming sense of paranoia in Wilde's statement of facts that could not be interpreted as any sort of defense.

¶9      We discern no error in the circuit court's findings and denial of Wilde's motion to reopen the default judgment. The circuit court cited the correct legal standard and made a decision reasonably supported by the facts of record. Wilde raises several arguments such as that Smith is no longer at Cross Law Firm, that "Aryan supremacists" are using this lawsuit to harass him, that he has suffered revenge firings, and that he has been wrongfully accused of stalking. None of these amount to a meritorious defense to the complaint filed in this matter for unpaid legal fees.

¶10     Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

5