COURT OF APPEALS
DECISION
DATED AND FILED

May 22, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP11**

STATE OF WISCONSIN

Cir. Ct. No. **2021CV119**

IN COURT OF APPEALS
DISTRICT II

---

PAR, INC.,

    PLAINTIFF-RESPONDENT,

V.

SUZAN LIETZAU MCCAHEY,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Suzan Lietzau McCahey appeals from a circuit court order denying her motion for relief from two default judgments entered against her in this action brought by Par, Inc. McCahey contends that because these default judgments were the fault of her attorney, the circuit court erroneously exercised its discretion when it concluded that McCahey had failed to establish any entitlement to relief. McCahey further contends that the circuit court erred in striking new arguments that she raised for the first time in a reply brief. For the foregoing reasons, we reject McCahey's arguments and affirm the default judgments.

## BACKGROUND

¶2 According to McCahey, the parties to this appeal are involved in ongoing litigation against each other in Illinois and Wisconsin. Our focus, however, is on the procedural history of the circuit court case that led to this appeal. On March 17, 2020, Par, Inc. filed a small claims action against McCahey, alleging conversion and statutory civil theft. McCahey initially represented herself and filed an answer to Par's complaint, denying Par's claims and raising affirmative defenses. After Par served its first set of written discovery, Attorney Robert Malloy filed a notice of retainer on McCahey's behalf. Malloy eventually filed a motion to dismiss Par's claims, along with a counterclaim that required the action to be transferred out of small claims court and into large claims civil court.

¶3 The Record reflects numerous pretrial motions relating to Par's efforts to obtain discovery from McCahey, including two successful motions to compel discovery as well as a motion for sanctions based on McCahey's failure to comply with a court order compelling discovery. Par's sanctions motion sought

dismissal of McCahey's counterclaim with prejudice, an order that Par's unanswered requests for admission be deemed admitted for the purpose of this case, and an award of reasonable expenses, including attorney fees.

¶4    In the midst of these discovery disputes, Par also filed a motion for leave to amend its complaint against McCahey on February 4, 2021, seeking to add additional claims for conversion and statutory civil theft.  The circuit court[1] orally granted Par's motion during a hearing on August 11, 2021, and ordered McCahey to respond to the amended complaint within forty-five days.  McCahey failed to respond to the amended complaint, so Par filed a motion for default judgment on October 18, 2021.[2]

¶5    On November 22, 2021, the circuit court held oral argument on Par's motion for default judgment, along with Par's motion for discovery sanctions.  On December 14, 2021, the court entered default judgment in favor of Par on Par's newly added claim and awarded $9,500 in actual damages, $28,500 in exemplary damages, and costs in an amount to be determined, as well as discovery sanctions in an amount to be determined.  The court also granted Par's requested discovery sanctions, dismissing McCahey's counterclaim with prejudice and deeming McCahey to have admitted the unanswered requests for admission.  Par served notice of entry of this judgment on December 30, 2021.

---

[1] Although the Honorable Michael J. Aprahamian decided the motion for relief from judgment that is the subject of this appeal, Judge Aprahamian was not assigned to this case until January 3, 2022.  Prior relevant orders were entered by the Honorable Michael O. Boren, as were both of the default judgments.

[2] Par's original motion for default judgment was electronically signed, and Par filed an amended motion with a handwritten signature two days later.

¶6 Par also filed a second motion for sanctions based on McCahey's failure to comply with the circuit court's scheduling order and discovery orders. As a sanction, Par sought entry of a default judgment on Par's original claim. After holding oral arguments on January 31 and February 2, 2022, the circuit court granted Par's second motion for a default judgment on February 21, 2022. The court awarded $10,000 in actual damages, $20,000 in exemplary damages, and costs for a total of $42,625.84. The court also imposed discovery sanctions of $4,895.34. Par served notice of entry of judgment on February 24, 2022.

¶7 McCahey subsequently hired a new attorney who filed a notice of retainer on June 8, 2022. On September 15, 2022, McCahey filed a motion for relief from the two default judgments on the grounds of excusable neglect under WIS. STAT. § 806.07(1)(a) (2021-22)[3] and extraordinary circumstances under WIS. STAT. § 806.07(1)(h), together with a supporting brief, an affidavit signed by McCahey, and an affidavit from her new attorney. After Par filed its brief in opposition to McCahey's motion for relief, McCahey filed a reply brief raising a new argument that relied on a new affidavit from her Illinois attorney Robert Habib as well as her own supplemental affidavit asserting new facts. Par filed a motion to strike the new argument in McCahey's reply brief and supporting materials. After a hearing, the circuit court issued an order granting Par's motion to strike and denying McCahey's motion for relief from the default judgments. McCahey appeals both aspects of the court's order.

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

**STANDARD OF REVIEW**

¶8      We review the denial of a motion for relief from judgment using the erroneous exercise of discretion standard. *See **Mohns, Inc. v. TCF National Bank***, 2006 WI App 65, ¶¶9, 11, 292 Wis. 2d 243, 714 N.W.2d 245 (applying the erroneous exercise of discretion standard to a circuit court decision vacating a judgment based on excusable neglect); ***Miller v. Hanover Ins. Co.***, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493 (cited source omitted) (applying the erroneous exercise of discretion standard to the circuit court's decision whether to grant a motion for relief under WIS. STAT. § 806.07(1)(h)). We also use the erroneous exercise of discretion standard to review a circuit court's determination regarding whether a party filed a motion for relief from judgment within a reasonable time. *See **Rhodes v. Terry***, 91 Wis. 2d 165, 170, 280 N.W.2d 248 (1979). Finally, we use the erroneous exercise of discretion standard to review the circuit court's decision to strike a new argument in McCahey's reply brief and supporting materials. *See **Lee v. GEICO Indem. Co.***, 2009 WI App 168, ¶16, 321 Wis. 2d 698, 776 N.W.2d 622 ("We review the [circuit] court's decision to impose sanctions and the appropriateness of the sanctions ordered under an erroneous exercise of discretion standard.").

¶9      "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." ***Industrial Roofing Services v. Marquardt***, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898.

**DISCUSSION**

¶10 McCahey argues that the circuit court erred in denying her motion for relief based on excusable neglect under WIS. STAT. § 806.07(1)(a) or extraordinary circumstances under § 806.07(1)(h). She also argues that the court should not have struck the new arguments that she made in her reply brief and supporting materials. In denying McCahey's motion, the circuit court first found that McCahey did not file her motion for relief from the default judgments within a reasonable time. The court found that this delay weighed against granting the motion.

¶11 Regarding McCahey's arguments for excusable neglect under WIS. STAT. § 806.07(1)(a), the circuit court rejected McCahey's contention that she should not be held responsible for Malloy's negligent acts and omissions. Applying the standard for whether to impute an attorney's failures to the client set forth in *Charolais Breeding Ranches, Ltd. v. Weigel*, 92 Wis. 2d 498, 514, 285 N.W.2d 720 (1979), the court determined that McCahey had not acted as a reasonably prudent person either in retaining Malloy or in making reasonable inquiry into the status of litigation. Moreover, the court found it significant that McCahey had actively participated in litigation decisions at various points, such as by adding the counterclaim that required the litigation to transfer from small claims court to large claims civil court.

¶12 Regarding McCahey's argument for relief based on extraordinary circumstances under WIS. STAT. § 806.07(1)(h), the circuit court found that McCahey had abandoned the original argument that she made in her opening brief. The circuit court also struck McCahey's new argument for relief based on extraordinary circumstances, which she had raised for the first time in her reply

brief. Nonetheless, the circuit court explained that even considering this newly raised argument, McCahey had failed to demonstrate extraordinary circumstances, using the five factors set forth in *Miller*. *See Miller*, 326 Wis. 2d 640, ¶36.[4] The court found that two of the *Miller* factors favored McCahey, but that the remaining three factors weighed against granting relief from the judgments. On balance, the court concluded that "overall equity does not favor" granting the motion.

¶13 Finally, the circuit court pointed out that, if the facts set forth in McCahey's affidavit were true, then McCahey had an alternate avenue of relief in the form of a malpractice action against Malloy. Thus, the court concluded that neither legal nor equitable principles justified granting McCahey's motion for relief from the judgments.

### 1. Did McCahey file her motion within a reasonable time?

¶14 McCahey contends that the circuit court erroneously exercised its discretion in concluding that she did not file her motion for relief from judgment within a reasonable time. Specifically, during oral argument on the motion for relief, McCahey's new attorney stated that McCahey first learned about the default

---

[4] The factors for consideration under WIS. STAT. § 806.07(1)(h) include:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Miller*, 326 Wis. 2d 640, ¶36 (quoting *Sukala*, 282 Wis. 2d 46, ¶11).

judgments on or around April 21, 2022.[5]  McCahey's new attorney filed a Notice of Appearance on June 8, 2022, and then filed the motion for relief on September 15, 2022.  In concluding that the motion was not filed within a reasonable time, the circuit court noted both McCahey's delay in hiring a new attorney as well as the new attorney's delay in filing the motion to vacate.

¶15    The relevant statute provides that a motion for relief from judgment "shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered."  WIS. STAT. § 806.07(2).  McCahey relies on this latter clause to argue that any motion filed within a year is timely.  McCahey is incorrect.  As our supreme court has explained, "the one year period constitutes the maximum time allowed or a 'statute of limitations' period for bringing the motion to vacate on the grounds of mistake, surprise, inadvertence or excusable neglect."  *Rhodes v. Terry*, 91 Wis. 2d at 171 (cited sources omitted).  But "the mere fact that the motion is brought within one year after entry of judgment does not mean that the motion is timely."  *Id*. (cited source omitted).

¶16    McCahey also argues that her motion was filed within a reasonable time because she "acted as promptly as was practical to remedy the default judgments against her."  In particular, she points to Malloy's deceitful conduct and

---

[5] In her opening brief on appeal, McCahey argues that she did not learn of the judgments against her until on or about May 5, 2022.  She cites the affidavit of Robert Habib, which states that Habib sent Malloy an email regarding the judgments on May 5, 2022.  However, the preceding paragraph of Habib's affidavit states that "in the Spring of 2022 McCahey called me and told me she had learned that a judgment was entered against her in Wisconsin, although she was unaware of what had actually taken place."  The affidavit further states that McCahey received an email from Par regarding the judgments on May 3, 2022.  Because McCahey's proposed date of May 5, 2022, is contradicted by the Record, we hold McCahey to her attorney's original representation that McCahey learned about the judgments on or about April 21, 2022.

her obligation to conduct a thorough prefiling investigation. McCahey also contends that the circuit court did not assume that the allegations in her motion were true, as required by *Sukala v. Heritage Mutual Ins. Co.*, 2005 WI 83, ¶10, 282 Wis. 2d 46, 698 N.W.2d 610.

¶17 The transcript of the oral argument shows that the circuit court considered McCahey's arguments regarding the delay and rejected them. In concluding that the motion was not filed within a reasonable time, the court focused on two periods of delay. First, the court questioned why McCahey waited more than a month after learning about the judgments before hiring a new attorney. We see no argument from McCahey regarding the circuit court's observation that McCahey waited a "long time" to take action.

¶18 The second period of delay identified by the circuit court occurred between June 8, 2022, when McCahey's new attorney filed a notice of appearance, and September 15, 2022, when McCahey filed the motion for relief. McCahey contends that this additional delay was necessary in order to obtain her file from Malloy. The circuit court considered this excuse but questioned why obtaining Malloy's files was so important given Malloy's demonstrated lack of diligence. Instead, the court explained that all of the necessary information could have been obtained from the client herself, as well as from the court's docket. Ultimately, McCahey decided to file the motion without having obtained the file from Malloy.

¶19 A reviewing court will sustain a discretionary decision "if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Industrial Roofing Services*, 299 Wis. 2d 81, ¶41. We see no basis for concluding that the circuit court erroneously exercised its discretion in

9

determining that McCahey did not file within a reasonable time, particularly given McCahey's concession at oral argument that "even we would agree that it started becoming unreasonable that we hadn't filed anything."

### 2. Did McCahey establish excusable neglect?

¶20     McCahey also argues that the circuit court erroneously exercised its discretion in concluding that she failed to demonstrate excusable neglect under WIS. STAT. § 806.07(1)(a).  This provision permits a court to relieve a party from judgment based on "[m]istake, inadvertence, surprise, or excusable neglect." "Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'"  *Mohns*, 292 Wis. 2d 243, ¶9 (quoting *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 468, 326 N.W.2d 727 (1982)).

¶21     "A circuit court has wide discretion in determining whether to vacate a judgment based on excusable neglect."  *Id*. (cited source omitted).  The "burden of showing excusable neglect is on the party seeking relief from the judgment." *Id*., ¶10 (citing *Hansher v. Kaishian*, 79 Wis. 2d 374, 389, 255 N.W.2d 564 (1977)).

¶22     McCahey contends that the failures to comply with court orders were entirely Malloy's fault, and that the circuit court erred in imputing Malloy's negligence to her, using the standard set forth in *Charolais Breeding Ranches, Ltd.*, 92 Wis. 2d at 514.   In *Charolais*, our supreme court explained that "'excusable neglect' is the neglect which might have been the act of a reasonably prudent person under the same circumstances." *Id*. at 512 (cited sources omitted). "In deciding whether to impute the negligence of the lawyer to the client, the [circuit] court must exercise its 'equitable powers to secure substantial justice

between the parties.'" *Id*. at 514 (quoted source omitted). The court's exercise of discretion "may or may not call for imputation, depending on the facts of each case." *Id*.

¶23    *Charolais* sets forth a three-part test to determine whether the "[m]istakes, ill advice, or other failures of a lawyer may constitute excusable neglect on the part of the client." *Id*. Specifically, a court may determine that a client has demonstrated excusable neglect, notwithstanding an attorney's failures, "when the client has acted as a reasonable and prudent person in engaging a lawyer of good reputation, has relied upon [the attorney] to protect [the client's] rights, and has made reasonable inquiry concerning the proceedings." *Id*. (cited sources omitted). In *Charolais*, our supreme court determined that the client had established the first and second factors. *Id*. However, the court determined that "the record [was] devoid of any showing that [the client] made reasonable inquiry concerning the status of … litigation." *Id*. Because the client failed to establish one of the *Charolais* factors, the court concluded that the circuit court had not erroneously exercised its discretion in determining that the attorney's neglect could be imputed to the client. *Id*. at 515.

¶24    Turning to the present case, the circuit court found that McCahey failed to establish the first and third factors in *Charolais*. Specifically, the court determined that McCahey did not make any showing that she acted reasonably and prudently in engaging a lawyer of good reputation, or in making reasonable inquiry concerning the proceeding. Par argues that the circuit court correctly determined that McCahey did not demonstrate excusable neglect under the *Charolais* standard.

11

¶25    Regarding the first *Charolais* factor, Par contends that McCahey failed to present any evidence—either in her initial affidavit or the stricken affidavit—that she acted reasonably to engage a lawyer of good repute.  On the contrary, Par argues that a simple Google search would have revealed Malloy's disciplinary history.  In her reply brief, McCahey argues that a finding of excusable neglect should not depend on the existence of a disciplinary history of which she was unaware, because that amounts to a caveat emptor standard for clients who are hiring lawyers.  Here, however, we need not determine whether a reasonable and prudent person would have found Malloy's disciplinary history and declined to hire him.  Instead, we affirm because McCahey has failed to point to any basis in the Record for concluding that she acted reasonably and prudently when she engaged Malloy.

¶26    Likewise, Par argues that McCahey failed to present any evidence regarding the third *Charolais* factor of whether she made reasonable inquiry concerning the proceeding.  Such evidence might include communications with Malloy requesting an update or billing statements reflecting such inquiries.  Instead, McCahey's initial affidavit in support of her motion for relief from judgment simply repeats the mantra that various issues were "never made aware to me by Attorney Malloy."  We agree with Par that these assertions are not sufficient to demonstrate that McCahey made reasonable inquiry concerning the proceeding.

¶27    Having failed to satisfy the three-part test from *Charolais*, McCahey urges us to apply a different standard to evaluate whether Malloy's conduct should be imputed to McCahey for the purpose of evaluating whether McCahey has demonstrated excusable neglect.  According to McCahey, the *Charolais* standard makes sense for "garden variety clerical errors and disorganization," but is not

appropriate here given the egregiousness of Malloy's conduct and his alleged deception regarding the status of the litigation. We see no such limitation in *Charolais*, where our supreme court stated that its test for excusable neglect applied to "[m]istakes, ill advice, or other failures of a lawyer." *Charolais Breeding Ranches, Ltd.*, 92 Wis. 2d at 514.

¶28    McCahey nonetheless argues that we should adopt the analysis used by our supreme court in *Industrial Roofing*,[6] where the court addressed the question "of whether the circuit court erroneously exercised its discretion in dismissing the plaintiff's complaint with prejudice as a sanction for failure to respond to discovery and violation of court orders." *Industrial Roofing Services*, 299 Wis. 2d 81, ¶39. The court explained that "it is an erroneous exercise of discretion for a circuit court to enter a sanction of dismissal with prejudice, imputing the attorney's conduct to the client, where the client is blameless." *Id.*, ¶61. Nonetheless, the court reaffirmed its commitment to the *Charolais* standard, explaining that an attorney's conduct can be imputed to the client when the client "fail[s] to act as a reasonable and prudent person and fail[s] to inquire about the proceedings." *Id.*, ¶63 (cited sources omitted). The court explained,

> Even if the record supports the view that the client … was not itself directly to blame for [the attorney's] failures, it does not follow that [the client] is without fault. [The client's] fault lies in its failure to act in a reasonable and

---

[6] McCahey also relies on several cases in which courts declined to hold a client responsible for an attorney's mistakes or misconduct. *See, e.g., Paschong v. Hollenbeck*, 13 Wis. 2d 415, 108 N.W.2d 668 (1961); *Spencer v. Osberg*, 152 Wis. 399, 140 N.W. 67 (1913); *Bloor v. Smith*, 112 Wis. 340, 87 N.W. 870 (1901); *Whereatt v. Ellis*, 70 Wis. 207, 35 N.W. 314 (1887); *Wicke v. Lake*, 21 Wis. 410 (1867). These decisions all predate *Charolais* and are therefore unhelpful to McCahey in light of her failure to satisfy the three-part test set forth in *Charolais*.

> prudent manner when it knew or had reason to know that its attorney was failing to properly manage the case.

*Id.*, ¶64.

¶29 We conclude that ***Industrial Roofing*** is unhelpful to McCahey for two reasons. First, as Par observes, the ***Industrial Roofing*** decision involves an appeal of the circuit court's decision to impose a sanction of dismissal. A sanction of "dismissal requires that the non-complying party has acted egregiously or in bad faith." *Id.*, ¶43 (cited source omitted). Here, however, the time for McCahey to appeal the dismissal of her counterclaim, or any other aspect of the circuit court's judgments, had long expired.[7] Instead, McCahey is appealing the denial of her motion for relief from those judgments under WIS. STAT. § 806.07(1)(a) and (h), which respectively require a showing of excusable neglect or extraordinary circumstances. We see nothing in our supreme court's decision in ***Industrial Roofing*** to indicate that its analysis should extend to motions for relief under § 806.07.

¶30 Second, even if we were to extend the standard from ***Industrial Roofing*** to motions for relief from judgment, the circuit court's findings establish that this standard is satisfied here. Specifically, the court determined that McCahey failed to act reasonably and prudently. This finding weighs against a conclusion that McCahey was blameless. *See* ***Industrial Roofing Services***, 299 Wis. 2d 81, ¶63 (in determining whether to impute an attorney's egregious

---

[7] The first judgment was entered on December 13, 2021, and the second judgment was entered on February 21, 2022. Par filed notices of entry of judgment on December 30, 2021, and February 24, 2022. Because Par filed a timely notice of entry of each judgment, McCahey had forty-five days from the entry of each judgment to file a direct appeal. *See* WIS. STAT. §§ 809.10(1)(e); 808.04(1).

conduct to the client, a court must consider the client's "failure to act in a reasonable and prudent manner, and the client's knowledge or complicity in that conduct").

¶31 McCahey also relies on a three-part test that we used in *Mohns* to evaluate a circuit court decision granting a defendant's motion to vacate a default judgment based on excusable neglect. *See Mohns*, 292 Wis. 2d 243, ¶10. In *Mohns,* we concluded that the circuit court erroneously exercised its discretion by finding excusable neglect based "solely on the fact that [the defendant] acted promptly once its lawyers 'got involved.'" *Id*., ¶11. Instead, we explained that a finding of excusable neglect also required the circuit court to "consider whether the moving party has acted promptly to remedy the default judgment, whether the default judgment imposes excessive damages, and whether vacatur of the judgment is necessary to prevent a miscarriage of justice." *Id*., ¶10. Moreover, we instructed that "[t]he circuit court must also consider that the law favors the finality of judgments." *Id*. Because these additional factors from *Mohns* are intended to prevent excusable neglect from becoming "too easy a standard" for vacating a final judgment, *see id*., these factors do not help McCahey satisfy her burden of demonstrating excusable neglect in the first instance.

¶32 For similar reasons, we reject McCahey's argument that the circuit court erred by failing to evaluate whether she had a meritorious defense. *See J.L. Phillips & Assoc. Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 358, 577 N.W.2d 13 (1998) ("a party moving to vacate a default judgment pursuant to [WIS. STAT.] § 806.07(1)(a) must: (1) demonstrate that the judgment against him or her was obtained as a result of mistake, inadvertence, surprise or excusable neglect; and (2) demonstrate that he or she has a meritorious defense to the action"). As Par points out, the existence of a meritorious defense only becomes a relevant

consideration after the circuit court has found excusable neglect. *See **Wagner v. Springaire Corp.***, 50 Wis. 2d 212, 220, 184 N.W.2d 88 (1971). In ***Wagner***, our supreme court explained that excusable neglect "is dependent on whether the acts or omissions of the defendant were consistent with those of 'a reasonably prudent person under the same circumstances.'" ***Id***. As such, "[t]he merits of the defense proposed by the defendant are immaterial." ***Id***. Because the circuit court determined that McCahey failed to establish excusable neglect, it was not required to take the additional step of determining whether McCahey had a meritorious defense. *See **id***. at 220-21 (absent a finding of excusable neglect, "we need not consider the merits of the defense").

¶33 Because we conclude that the circuit court applied the proper legal standard to the relevant facts, we reject McCahey's argument that the circuit court erroneously exercised its discretion in concluding that McCahey failed to demonstrate excusable neglect under WIS. STAT. § 806.07(1)(a).

### 3. Did McCahey establish grounds for relief under WIS. STAT. § 806.07(1)(h)?

¶34 McCahey contends that the circuit court erroneously exercised its discretion in denying her motion for relief under WIS. STAT. § 806.07(1)(h). This provision permits the court to grant relief "for any other reason justifying relief from the operation of judgment." The problem for McCahey is that she abandoned her initial argument for relief under WIS. STAT. § 806.07(1)(h). Specifically, in her opening brief in support of her motion for relief from judgment, McCahey argued that her basis for seeking relief under para. (1)(h) was that "Par, Inc. has engaged in misconduct in its attempts to enforce the judgments against her." After Par filed its response, McCahey withdrew this argument. The circuit court denied McCahey's motion under para. (1)(h) on the ground that she

16

had abandoned her argument for relief under WIS. STAT. § 806.07(1)(h), and we affirm on that basis.

¶35     McCahey now asks us to review the circuit court's determination that she did not demonstrate extraordinary circumstances that would justify relief under § 806.07(1)(h).  The circuit court granted Par's motion to strike and disregard this argument because McCahey had presented it for the first time in her reply brief.  Despite striking the argument, the court nonetheless concluded that even if it had considered the newly raised argument, McCahey's reply brief and supporting materials failed to demonstrate extraordinary circumstances warranting relief under § 806.07(1)(h).[8]  McCahey argues that the circuit court erroneously exercised its discretion both in striking the argument and in rejecting it on the merits.

¶36     Wisconsin courts generally do not consider arguments raised for the first time in a reply brief, for reasons of fundamental fairness.  *See **A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).  McCahey argues that her reply brief and supporting materials were permitted by local rule, while Par argues that the local rule only applies to summary judgment and other pretrial motions and is therefore not relevant to a motion for relief from a judgment.

---

[8] McCahey contends that before denying the motion for relief under WIS. STAT. § 806.07(1)(h), the circuit court was required to hold a hearing on her allegations regarding Malloy's conduct.  McCahey is incorrect.  In *Miller*, our supreme court explained that "[i]f the facts alleged constitute extraordinary circumstances such that relief may be warranted under para. (1)(h), a hearing must be held on the truth of the allegations."  *Miller*, 326 Wis. 2d 640, ¶34 (citing *Sukala*, 282 Wis. 2d 46, ¶10).  Because the circuit court determined that McCahey had not satisfied her burden of establishing extraordinary circumstances, no hearing was necessary.

¶37 Regardless of whether the local rules permitted McCahey to file a reply brief at all, the local rule on which McCahey relies has no bearing on the issue of fundamental fairness that arises when a moving party raises a new argument for the first time in its reply brief. As we explained in *A.O. Smith Corp.*, "[i]t is inherently unfair for an appellant to withhold an argument from its main brief and argue it in its reply brief because such conduct would prevent any response from the opposing party." *Id.* We see no developed argument from McCahey to suggest that the circuit court should have made an exception to the general rule that an appellant may not raise an issue for the first time in its reply brief. *See id.* We therefore conclude that the circuit court did not erroneously exercise its discretion in striking and disregarding the new argument McCahey made in her reply brief regarding extraordinary circumstances under Wis. Stat. § 806.07(1)(h). *See Lee*, 321 Wis. 2d 698, ¶16 (reviewing a court's decision to impose sanctions and the appropriateness of the sanctions using the erroneous exercise of discretion standard). Because the court did not erroneously exercise its discretion in striking McCahey's new argument, we need not consider whether the court erroneously exercised its discretion when it rejected this new argument on the merits.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.