COURT OF APPEALS
DECISION
DATED AND FILED

December 18, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2146**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV2283

IN COURT OF APPEALS
DISTRICT IV

DALE GOYTOWSKI AND PAULETTE GOYTOWSKI,

PLAINTIFFS-RESPONDENTS,

V.

D & E HOME REMODELING, LLC AND
DEJESUS JUAREZ,

DEFENDANTS,

EMPIRE HOME REMODELING INC.,

GARNISHEE-APPELLANT,

JP MORGAN CHASE BANK NA,

GARNISHEE.

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed.*

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Empire Home Remodeling, Inc. ("Empire") appeals a circuit court order denying Empire's motion for relief from a default judgment entered against Empire in a garnishment action brought by Dale and Paulette Goytowski. We first discuss the underlying action out of which this garnishment action arose. The Goytowskis filed an action against D&E Home Remodeling, LLC ("D&E") and its owner DeJesus Juarez. The Goytowskis alleged that they entered into a contract with D&E to remodel their kitchen and paid $18,305 to D&E for materials for the remodel. The Goytowskis subsequently requested that D&E and Juarez return any of the $18,305 not spent on materials for the project, but D&E and Juarez did not do so. The complaint included claims for breach of contract, unjust enrichment, and conversion in violation of WIS. STAT. §§ 895.446 and 943.20 (2023-24).[1]

¶2    D&E and Juarez defaulted, and the Goytowskis obtained a default judgment of $79,107.71, which includes treble damages and attorney fees pursuant to WIS. STAT. § 895.446(3).

¶3    Turning to the garnishment action at issue in this appeal, D&E was an independent contractor for Empire, and the Goytowskis named Empire as a garnishee on a non-earnings garnishment summons and complaint (which we refer to at times as the "garnishment complaint") that sought to collect from Empire any

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

non-exempt property of D&E or Juarez in Empire's control pursuant to WIS. STAT. § 812.01(1).[2] The garnishment summons and complaint stated, in a paragraph addressed "**TO THE GARNISHEE**," "**If you fail to answer within 20 days from the service of this summons, judgment will be entered against YOU for the amount of the creditor's judgment against the debtor plus the costs of this action.**"

¶4 Two days after Empire was served with the garnishment complaint, the Goytowskis separately moved to obtain a "charging order" against D&E and Juarez pursuant to WIS. STAT. § 183.0503.[3] The circuit court granted that motion and issued a charging order requiring Empire "to intercept 20% of the monies due to [D&E]" and send that money to the Goytowskis.

¶5 Empire did not file an answer to the garnishment complaint and the Goytowskis moved for a default judgment against Empire. Five days later, Empire filed an objection to the Goytowskis' motion, arguing that Empire had not been properly served with the garnishment complaint. After ordering additional

---

[2] WISCONSIN STAT. § 812.01(1) states, in relevant part: "Any creditor may proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor or which is subject to satisfaction of an obligation described under [WIS. STAT. §] 766.55(2), as prescribed in this subchapter." *See also* § 812.01(2) ("The procedures in this subchapter govern all garnishments except the garnishment of earnings."). Subsection (2a) specifies that "[a] garnishment action is a separate action."

[3] WISCONSIN STAT. § 183.0503(1) states, in part: "On application by a judgment creditor of a member or transferee [of a limited liability company], a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment." It further states that generally "a charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor."

3

briefing on Empire's objection, the circuit court granted the Goytowskis' motion for default judgment because it concluded that Empire had been properly served.

¶6      Approximately three months after default judgment was entered in the Goytowskis' favor and against Empire, Empire moved for relief from the default judgment pursuant to WIS. STAT. § 806.07(1)(a) and (1)(h).[4]  The circuit court denied Empire's motion for relief, and Empire appeals.[5]  Specifically, Empire argues that the court erroneously exercised its discretion in concluding that Empire did not establish excusable neglect under § 806.07(1)(a) or extraordinary circumstances under § 806.07(1)(h).  We reject Empire's arguments and affirm the court's order.

## DISCUSSION

¶7      A circuit court "may relieve a party … from a judgment" for a number of reasons, including "[m]istake, inadvertence, surprise, or excusable neglect," WIS. STAT. § 806.07(1)(a), as well as "[a]ny other reasons justifying relief from the operation of the judgment," § 806.07(1)(h).  The party seeking relief under § 806.07 has the burden of proving that the requisite requirement for

---

[4] Empire sought relief approximately a week after the Goytowskis commenced a separate garnishment action to collect from Empire's bank any of Empire's funds in the bank's possession.  Although Empire did file an answer in the separate garnishment action against Empire's bank, Empire never filed an answer to the garnishment complaint at issue here or moved to enlarge the time to file an answer.

[5] The parties' briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  See RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief.  S. Ct. Order 20-07 cmt. at x1.

relief exists. ***J.L. Phillips & Assocs., Inc. v. E & H Plastic Corp.***, 217 Wis. 2d 348, 355, 577 N.W.2d 13 (1998).

¶8      Whether to grant relief from judgment pursuant to WIS. STAT. § 806.07 lies within the discretion of the circuit court. ***Milwaukee Women's Med. Serv., Inc. v. Scheidler***, 228 Wis. 2d 514, 524, 598 N.W.2d 588 (Ct. App. 1999). "A circuit court erroneously exercises its discretion when it fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion." ***Borreson v. Yunto***, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656.

¶9      Empire argues that the circuit court here erroneously exercised its discretion when it denied Empire's motion for relief from judgment under WIS. STAT. § 806.07(1)(a) and (h).  We disagree.[6]

---

[6] The Goytowskis argue that we lack jurisdiction over Empire's appeal.  In making their jurisdictional argument, the Goytowskis rely on the "new issues" test: under that test, a party may not raise on appeal issues that were raised in a motion for reconsideration or a motion to modify or vacate a judgment, when those issues were disposed of in an earlier order or judgment and when the party did not appeal that earlier order or judgment. *See **Ver Hagen v. Gibbons***, 55 Wis. 2d 21, 25, 197 N.W.2d 752 (1972) (adopting the new issues test); ***Harris v. Reivitz***, 142 Wis. 2d 82, 88, 417 N.W.2d 50, 52 (Ct. App. 1987) (using the term "new issues test" and applying the test).  Here, the Goytowskis argue that the issues raised in Empire's WIS. STAT. § 806.07 motion for relief were disposed of in the circuit court's order granting default judgment in favor of the Goytowskis; therefore, according to the Goytowskis, Empire may not appeal the denial of its motion for relief because Empire did not appeal the court's order granting default judgment in favor of the Goytowskis.  We reject the Goytowskis' jurisdictional argument because we conclude that the issues raised by Empire in its motion for relief were not issues that had been disposed of in the court's order granting default judgment.  The only issue that the court's order granting default judgment disposed of was whether Empire was properly served with the garnishment summons and complaint, which was an issue that Empire did not subsequently raise in its § 806.07 motion for relief.

## I. WISCONSIN STAT. § 806.07(1)(a): Excusable Neglect

¶10 Empire argues that the circuit court erroneously exercised its discretion when it determined that Empire is not entitled to relief based on excusable neglect under WIS. STAT. § 806.07(1)(a). "'Excusable neglect'" is an error that "'a reasonably prudent person'" would have committed "'under the same circumstances.'" *Friendly Vill. Nursing & Rehab, LLC v. DWD*, 2022 WI 4, ¶21, 400 Wis. 2d 277, 969 N.W.2d 245 (quoted source omitted). "The inquiry is context dependent and requires a showing of something more than ordinary neglect or carelessness." *Id.* The party seeking relief "must offer a 'persuasive explanation' for its mistake by pointing to 'specific incidents' that occurred at the time of the mistake." *Id.* (quoted source omitted). In addition to showing excusable neglect, the moving party must also "demonstrate that it has a meritorious defense to the complaint." *J.L. Phillips*, 217 Wis. 2d 348, 355.

¶11 Empire argues that the circuit court erroneously exercised its discretion by failing to adequately consider: (1) the reasons that Empire gave for its failure to timely file an answer to the garnishment complaint; (2) the "reasonably prudent factors" set forth in case law; and (3) Empire's meritorious defense.[7] We reject Empire's arguments for the reasons that follow.

---

[7] Empire asserts that the circuit court failed to consider these points. At other times, however, Empire appears to acknowledge that the court addressed some or all of these points and Empire appears to challenge the court's assessments of these points. We generally address both aspects of Empire's arguments, although, as discussed in footnote 10, we do not address Empire's meritorious-defense arguments.

### A. Empire's reasons for failing to file an answer

¶12    Empire argues that the circuit court erroneously exercised its discretion by not considering the reasons Empire gave for its failure to file an answer to the garnishment complaint and by instead concluding that Empire failed to offer any reasons. Empire argues that, in fact, it offered two reasons for its failure to file an answer.

¶13    First, Empire argues that it explained in its motion for relief that it did not file a timely answer because it had not been properly served. However, contrary to Empire's contention, Empire did not argue in its motion for relief that it did not file a timely answer because it had not been properly served; instead, Empire mentioned the alleged service issue only in arguing that it had acted promptly to remedy the default judgment by objecting to the Goytowskis' motion for default judgment. The circuit court rejected Empire's argument because it concluded that "a reasonably prudent person would not believe an objection could substitute for an answer," supporting that proposition with case law stating that an objection such as the one Empire made is not a substitute for an answer. *See Carmain v. Affiliated Cap. Corp.*, 2002 WI App 271, ¶27, 258 Wis. 2d 378, 654 N.W.2d 265 (concluding that the circuit court did not erroneously exercise its discretion in determining that the appellant had not shown excusable neglect when appellant responded to a summons and complaint with a letter in lieu of an answer). Moreover, the court had already decided the service issue in an earlier ruling and concluded that service of the garnishment complaint was proper, and in Empire's motion for relief, Empire did not argue that service was not proper. The court thus addressed the alleged service issue to the extent that Empire argued in its motion for relief that the issue was relevant. Aside from arguing that the court

failed to consider its argument, Empire does not otherwise challenge the substance of the court's ruling on this point.

¶14    Second, Empire argues that its motion for relief explained that Empire did not file a timely answer to the garnishment complaint "because it believed it was in full compliance with its obligations," which Empire argues was reasonable "based upon its direct communication with [the Goytowskis'] counsel as well as [the Goytowskis'] pleadings."  Here again, however, the circuit court explicitly considered this argument to the extent that it was developed: the court stated, "Empire does not explain why it disregarded the summons.  Instead, its owner conclusorily asserts he 'believed that Empire was in full compliance,' without any explanation."  The court additionally stated that it did "not understand why it matters that Empire's attorney had conversations with the Goytowskis.  A reasonably prudent person would not believe that, having been served with a summons outlining his or her responsibilities, he or she could forego those responsibilities if two attorneys had a conversation." (Footnote omitted.)[8]

¶15    Empire argues that the communications between the parties' attorneys "further supported Empire's assertion that it believed it was in compliance with its obligations to withhold 20% of any funds owed to D&E/Juarez" (*i.e.*, that Empire complied with the charging order).  However, Empire's belief that it was in compliance with *the charging order* does nothing to explain why Empire would have believed that it was not obligated to file an

---

[8] In making this statement, the circuit court noted that under some circumstances, conversations between attorneys could give rise to excusable neglect, but the court concluded that this was not the case here.  The court observed that "Empire's attorney says nothing about his conversations except that he 'confirmed' his client should not be liable."

answer to the garnishment complaint. Accordingly, Empire has not shown that the court erroneously exercised its discretion in failing to consider—or in rejecting—Empire's argument on this point.

### B. Reasonably prudent person standard

¶16 Empire argues that the circuit court erroneously exercised its discretion because it failed to consider the "reasonably prudent person" standard for determining whether a party seeking relief from a default judgment has established excusable neglect. *See Friendly Vill. Nursing & Rehab*, 400 Wis. 2d 277, ¶21 (stating that "excusable neglect" under WIS. STAT. § 806.07(1)(a) is "an error that 'a reasonably prudent person' would have committed 'under the circumstances'" (quoted source omitted)). Case law states that factors relevant to this analysis include "whether the moving party has acted promptly to remedy the default judgment, whether the default judgment imposes excessive damages, and whether vacatur of the judgment is necessary to prevent a miscarriage of justice." *Mohns, Inc. v. TCF Nat'l Bank*, 2006 WI App 65, ¶10, 292 Wis. 2d 243, 714 N.W.2d 245. Empire also argues that these factors support relief from default judgment.

¶17 Empire's argument fails because the circuit court did, in fact, consider these factors to the extent that Empire argued that they weighed in favor of granting relief, and Empire fails to show that the court erroneously exercised its discretion in rejecting Empire's arguments with respect to these factors. Regarding whether Empire "acted promptly to remedy the default judgment," *Mohns*, 292 Wis. 2d 243, ¶10, Empire's argument under this factor was that it "immediately objected to [the Goytowskis'] motion for default judgment by filing its objection" just five days after the Goytowskis filed their motion. As stated,

however, the court determined that "a reasonably prudent person would not believe an objection could substitute for an answer," which is a determination that directly rejected Empire's argument that the promptness of Empire's objection weighed in favor of granting relief. Indeed, despite being found in default for failing to file an answer, Empire never did file an answer to the Goytowskis' garnishment complaint, a fact which further supports the court's determination as to this factor.

¶18    Regarding whether the damages awarded were excessive, the circuit court reasoned that "the <u>amount</u> of a judgment, in isolation, says nothing about the <u>fairness</u> of that judgment." (Emphasis in original.) The court rejected Empire's argument because Empire presented no evidence about its ability to pay the damages, and the court reasoned that as a result the court was unable to determine whether the damages award was unfair.

¶19    As to Empire's argument that vacating the default judgment is necessary to avoid a miscarriage of justice, the circuit court characterized Empire's arguments on this point as being repetitive of Empire's other arguments regarding excusable neglect, which the court had already rejected.

¶20    Accordingly, contrary to Empire's assertions, the court did consider the reasonably prudent person factors. Because Empire fails to develop any arguments challenging the court's application of those factors, Empire has failed to establish an erroneous exercise of discretion.[9]

---

[9] The circuit court considered Empire's arguments regarding the excessive damages factor and the miscarriage of justice factor under WIS. STAT. § 806.07(1)(h) rather than under § 806.07(1)(a). In Empire's reply brief on appeal, Empire argues that the court erroneously exercised its discretion because these factors are part of the excusable neglect analysis under

(continued)

¶21   In sum, we conclude that the circuit court did not erroneously exercise its discretion when it determined that Empire had not shown excusable neglect under WIS. STAT. § 806.07(1)(a).[10]

## II.   WISCONSIN STAT. § 806.07(1)(h): Extraordinary Circumstances

¶22   Empire argues that the circuit court erroneously exercised its discretion by determining that Empire is not entitled to relief under WIS. STAT. § 806.07(1)(h).   As stated, paragraph (1)(h) provides that a court may grant relief from judgment based on "[a]ny other reasons justifying relief from the operation of the judgment."   This ground for relief "should be used sparingly," namely, only when there are "extraordinary circumstances" and "only when … the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of all the facts.'"   *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 550, 363 N.W.2d 419 (1985) (quoted source omitted).

---

§ 806.07(1)(a), and specifically, the reasonably prudent person standard under *Mohns, Inc. v. TCF Nat'l Bank*, 2006 WI App 65, ¶10, 292 Wis. 2d 243, 714 N.W.2d 245.   We do not address this argument because Empire raises it for the first time in its reply brief.   *See State v. Mata*, 230 Wis. 2d 567, 576 n.4, 602 N.W.2d 158 (Ct. App. 1999) (appellate courts generally "do not address issues raised for the first time in a reply brief").

[10]   Empire also asserts that the circuit court erroneously exercised its discretion by failing to adequately consider whether Empire had a meritorious defense.   That assertion is inconsistent with the record, which shows that the court considered and rejected Empire's argument that it had a meritorious defense.   However, even if the court had not considered the argument, that would not provide grounds for relief.   As stated, a party moving to vacate a default judgment on grounds of excusable neglect must demonstrate both excusable neglect and that the party has a meritorious defense to the action.   *J.L. Phillips & Assocs., Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 355, 358, 577 N.W.2d 13 (1998).   Here, because the court determined that Empire failed to establish excusable neglect, the court was not required to consider whether Empire had a meritorious defense.   *See id.*   Accordingly, we do not further address Empire's arguments on this topic.

¶23 In Empire's motion for relief in the circuit court, after two paragraphs of background law, it devoted a single paragraph to explaining why relief is warranted under WIS. STAT. § 806.07(1)(h), arguing that "[t]his is an extraordinary situation that requires relief from the court." The court described Empire's arguments in this paragraph as "a series of general statements unsupported by citation to authority and evidence of record." As an example, the court stated, "Empire asserts 'this action is unlike the majority of cases,' but does not explain why this matters, and that 'Empire was confused as to [the Goytowskis' complaint],' but does not explain what evidence proves this." (Alteration in original.) The court additionally addressed Empire's argument that approximately $170,000 of Empire's funds had been frozen by Empire's bank as a result of the default judgment. The court stated that this appeared to be based on an averment for which it was not clear how the affiant could have had personal knowledge; that this contradicted what the bank represented in its answer; and that, even if the bank had frozen approximately $170,000 as Empire argued, there were other ways for Empire to seek relief. The court concluded that "Empire [did] not satisfy its burden to show extraordinary circumstances warranting relief."

¶24 Empire advances several arguments in an attempt to show that the circuit court erroneously exercised its discretion. They are not persuasive. First, Empire argues that the court was required to consider the factors outlined in *Miller v. Hanover Insurance Co.*, 2010 WI 75, 326 Wis. 2d 640, 785 N.W.2d 493. In *Miller*, our supreme court provided a nonexclusive list of factors that a circuit court must consider when determining whether to grant relief from judgment under WIS. STAT. § 806.07(1)(h):

> "whether the judgment was the result of the conscientious,
> deliberate and well-informed choice of the claimant;
> whether the claimant received the effective assistance of

12

> counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief."

*Miller*, 326 Wis. 2d 640, ¶36 (quoting *Sukala v. Heritage Mut. Inc. Co.*, 2005 WI 83, ¶11, 282 Wis.2d 46, 698 N.W.2d 610).

¶25 Empire's argument regarding these factors is unavailing because Empire did not cite *Miller* or advance an argument under the *Miller* factors in the circuit court. As the Goytowskis point out, the court specifically identified the *Miller* factors by quoting the same language from *Sukala* that the *Miller* court did. However, the court then stated, "Empire does not address these [factors] to explain why relief from judgment should be granted, so the [c]ourt does not either." The court then cited *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992), to support the proposition that it need not address undeveloped arguments. The court did not erroneously exercise its discretion because it properly determined that the court was not required to address an argument that Empire did not develop.

¶26 Second, Empire argues that the circuit court erroneously exercised its discretion when it determined that the amount of the judgment did not justify granting relief under WIS. STAT. § 806.07(1)(h). Specifically, Empire argues that the court improperly focused on whether Empire was able to pay the judgment instead of whether the judgment was fair. However, this argument misstates the court's reasoning. Although the court did rely on the fact that Empire had "present[ed] almost no facts at all concerning its ability to pay this particular judgment," it did not rely on this fact *instead* of analyzing whether the judgment

was fair. As Empire itself acknowledges, the court specifically stated that "justice [must] be done in light of *all* the facts." (Second alteration in original.) And although Empire argues that the court "did not address the facts set forth by Empire," Empire does not tell us which facts the court allegedly failed to consider, nor does it provide any authority or reasoned argument to support its suggestion that the court could not consider its ability to pay when determining whether the judgment was fair. Accordingly, we reject Empire's undeveloped argument that the court erroneously exercised its discretion because it did not consider whether the damages awarded were fair.

¶27 Third, Empire argues that the circuit court erroneously exercised its discretion by rejecting Empire's argument that vacating the default judgment is necessary to avoid a miscarriage of justice. Specifically, Empire appears to argue that the court erred by addressing Empire's "miscarriage of justice" argument under WIS. STAT. § 806.07(1)(a), because Empire was in fact raising this argument under paragraph (1)(h).[11] We reject this argument because, contrary to Empire's assertion, in Empire's motion for relief, it raised its miscarriage of justice argument to argue that relief should be granted under paragraph (1)(a), not paragraph (1)(h). In any event, having determined that there was no miscarriage of justice under paragraph (1)(a), the court did not need to repeat its analysis and reach an identical determination under (1)(h).

---

[11] We observe that this argument appears to be inconsistent with Empire's argument in its reply brief, noted above, that the circuit court erroneously exercised its discretion by considering the miscarriage of justice factor under WIS. STAT. § 806.07(1)(h) rather than under § 806.07(1)(a).

¶28    In sum, we conclude that Empire has failed to show that the circuit court erroneously exercised its discretion when it determined that Empire had not shown extraordinary circumstances that warranted relief under WIS. STAT. § 806.07(1)(h).

## CONCLUSION

¶29    For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.